**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

A<span>NNIE</span> G<span>OODE</span>,

       Plaintiff,                          Civil Case No. 11-10037

v.                                              SENIOR UNITED STATES
                                                    DISTRICT JUDGE
M<span>ERCY</span> M<span>EMORIAL</span> H<span>OSPITAL</span>,           ARTHUR J. TARNOW

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS [2],**

**DENYING WITHOUT PREJUDICE APPLICATION FOR
APPOINTMENT OF COUNSEL [3], and**

**ORDERING PLAINTIFF TO SHOW CAUSE**

On January 4, 2011, Annie Goode ("Plaintiff") filed her *pro se* Complaint [1] in this case, along with an Application to Proceed *in forma pauperis* [2] and an Application for Appointment of Counsel [3]. Those documents are now before the Court.

    A. *P<span>LAINTIFF'S</span> A<span>PPLICATION TO</span> P<span>ROCEED</span> I<span>N</span> F<span>ORMA</span> P<span>AUPERIS</span>*

28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Only after the complaint is filed should it be tested to determine whether it is frivolous or fails to state a claim. *See id.*

Here, the Court is convinced that Plaintiff's financial affidavit "contain[s] allegations of poverty sufficient to allow [Plaintiff] to proceed without prepayment of costs." *See id.* at 262. Therefore, Plaintiff's Application to Proceed *in forma pauperis* [2] is **GRANTED**.

    B. *A<span>PPLICATION FOR</span> A<span>PPOINTMENT OF</span> C<span>OUNSEL</span>*

In its discretion, a court may appoint an attorney to represent any person unable to afford counsel. *See* 28 U.S.C. §1915(e)(1) (2006). However, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal citations and quotations omitted). As to what constitutes "exceptional circumstances," "courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal citations and quotations omitted).

At this stage of the litigation, the Court is unable to conclude that "exceptional circumstances" exist that would warrant the appointment of counsel.

Accordingly, Plaintiff's Application for Appointment of Counsel [3] is **DENIED WITHOUT PREJUDICE**.

C. *P*LAINTIFF'S *C*OMPLAINT

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if the court finds that the case is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Here, Plaintiff has written a letter that discusses her termination from a job and some medical issues she has been facing recently. Attached to the Complaint is a letter from the Equal Employment Opportunity Commission (EEOC) regarding an employment discrimination claim brought by Plaintiff, an issue which is not raised in Plaintiff's letter to the Court. Plaintiff's claim for relief does not state any basis for federal subject matter jurisdiction. Only certain kinds of actions may be filed in the federal district court, and if this Court determines that it has no basis for jurisdiction over this case, it cannot grant relief, and the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court's determination of failure to state a claim under § 1915 is the same as its

determination under FED. R. CIV. P. 12(b)(6). *See* 1 MOORE'S FED. PRACTICE § 4.41[3]. That is, a complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal citations omitted). Here, Plaintiff's filing does not allege any specific causes of action, nor does it identify the type of relief that is requested.

Accordingly, Plaintiff is **HEREBY ORDERED** to show cause by **February 7, 2011** why this case should not be dismissed for lack of subject matter jurisdiction and for failure to state a claim. The statement must be filed on or before **February 7, 2011**. The statement should be legible and double-spaced.

**SO ORDERED**.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
Senior United States District Judge

Dated: January 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 13, 2011, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager