UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANNIE PATRICE GOODE, | Case No. 11-10037 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| MERCY MEMORIAL HOSPITAL, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**ORDER ON MOTION TO DISMISS
FOR FAILURE TO COOPERATE WITH DISCOVERY (Dkt. 21)**

**I.   PROCEDURAL HISTORY**

On January 4, 2011, Plaintiff Annie Patrice Goode filed a *pro se* one-page handwritten complaint against defendant Mercy Memorial Hospital, alleging that she was not allowed to return to work on crutches following a leave of absence, that her physician released her to return to work with no crutches, but that defendant failed to accommodate other restrictions.  (Dkt. 1).  Plaintiff appears to be alleging claims for disparate impact and intentional discrimination under the Americans with Disabilities Act ("ADA") and defamation.  On June 23, 2014, defendant filed a motion to dismiss for failure to cooperate with discovery.  (Dkt. 21).  This motion was referred to the undersigned for hearing and determination

pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Plaintiff responded to the motion to dismiss on June 26, 2014 (Dkt. 22), and defendant filed a reply brief in support of its motion on July 3, 2014.  (Dkt. 25).  On July 27, 2014, the Court informed the parties that the motion would be decided without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e).  (Dkt. 27).  This motion is now ready for determination.

## II.    FACTUAL BACKGROUND

In its motion, defendant asserts that on May 21, 2014, it served plaintiff with a notice scheduling her *duces tecum* deposition for June 20, 2014, allowing plaintiff 30 days to produce the requested documents.  (Dkt. 21, Ex. 2).  Plaintiff appeared for her deposition as scheduled on June 20, 2014, but a few minutes into the deposition, defense counsel asked plaintiff if she had ever been married, and plaintiff, who is currently unmarried, indicated that she had been married once

---

[1] Although the motion is titled a "motion to dismiss," this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), a motion for discovery sanctions is not one excepted from coverage under 28 U.S.C. § 636(b)(1)(A), and the relief granted here is non-dispositive.  Thus, the undersigned proceeds by Order under 28 U.S.C. § 636(b)(1)(A) rather than Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  *See Sildak v. Corizon Health, Inc.*, 2013 WL 1316707, at *1 (E.D. Mich. Mar. 29, 2013) (entering order on two motions to dismiss for discovery sanctions pursuant to Rule 37) (citing *Bell-Flowers v. Progressive Ins. Co.*, 2005 WL 3434818, at *1, 2 n.1 (W.D. Tenn. Dec. 13, 2005) ("The majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanctions sought by the moving party, governs the magistrate judge's authority over the motion." (collecting cases)); *Coleman v. Canton Twp.*, 2010 WL 3906015, at *1 (E.D. Mich. Sept. 30, 2010) ("a party's characterization of a motion as being 'dispositive' or 'nondispositive' does not make it so"); *Beattie v. CenturyTel, Inc.*, 2009 WL 5066676 (E.D. Mich. Dec. 16, 2009)).

before but refused to answer any questions about that marriage, including to whom she was married, when she was married, and the like. Defendant asserts that it does not know whether plaintiff's marriage ended in divorce or death, does not know whether the marriage began or ended recently or decades ago, and therefore does not know whether the marriage or divorce may refute plaintiff's claim that she suffers from emotional distress and that such distress was caused by defendant. Defendant then confirmed that plaintiff was seeking emotional distress damages and advised her that if she refused to answer questions, defendant would have to bring this to the attention of the Court. Defendant continues that a few minutes later, plaintiff again refused to answer background questions, this time regarding her current mortgage. Defendant asserts that plaintiff was terminated by defendant and asserts that she now lives on Social Security Disability benefits, and thus defense counsel was attempting to determine the level of financial distress, if any, plaintiff has suffered as a result of purported discrimination.

   Defense counsel next asked plaintiff questions regarding potential witnesses to whom she had spoken regarding her claims. Plaintiff had identified several such individuals in her court filings, and most of these individuals are former employees of defendant. When defense counsel asked whether these individuals had ever indicated that they had experienced any problems working for defendant, plaintiff again objected, although after some time agreed to answer the questions.

3

However, plaintiff started claiming that she did not know the answers because she suffers from "anxiety which causes short term memory loss."

Defense counsel then turned to the document production request. Plaintiff initially stated that she did not bring any documents in response to the request because "this does not have anything to do with my claims." Although, upon questioning, it turned out that plaintiff did have several pages of documents in her possession at the deposition, which she produced, it was also clear that she had documents (such as the Social Security report for which she produced the cover letter) at home. Defense counsel then asked plaintiff whether she had tax returns, which were requested but not produced. Defendant asserts that at this point, plaintiff became irate, stating that tax returns had nothing to do with her claims. When defense counsel asked if plaintiff was seeking damages for lost wages, she stated "no." Defendant states that it agrees that if plaintiff is not seeking lost wages, the tax returns are irrelevant. However, when defense counsel attempted to obtain confirmation that, although she had been terminated, plaintiff was not seeking lost wages, plaintiff began repeating that she was seeking damages for "defamation. ADA. Failure to accommodate. Stereotyping." Since lost wages are arguably available under defamation, ADA and discrimination claims, defense counsel attempted to confirm that plaintiff was not asking for lost wages. After repeating her statement several more times, plaintiff terminated the deposition after

less than an hour.  Defendant argues that plaintiff's failure to answer any questions at her deposition and refusal to comply with requests for documents warrants dismissal of her complaint as a sanction.

Plaintiff responds that she attended and cooperated in the deposition, but that defendant's attorney, Megan Norris, was unreasonably unprofessional when she questioned plaintiff by screaming and waiving her hands aggressively.  Plaintiff further argues that Ms. Norris' questions were irrelevant and she claims that she left her deposition because the questions were irrelevant and caused her to have a panic attack and feel ill.  She complains that defendant only sought questions regarding emotional distress damages and financial damages due to plaintiff's termination, and that such requests are not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff therefore requests that defendant's motion to dismiss be denied.

### III.  ANALYSIS AND CONCLUSIONS

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), "[a] district judge holds a variety of [discovery] sanctions in his [or her] arsenal, the most severe of which is the power to issue a default judgment." *Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir. 2008); *see also Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) ("a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit."); *Regional*

*Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988) ("Dismissal of an action for failure to cooperate in discovery is a sanction of last resort."). The Sixth Circuit has articulated four factors for this Court to consider in determining whether the severe sanction of a default judgment or dismissal is appropriate: "'(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct" *id.*, i.e., conduct that is "'perverse in resisting authority' and 'stubbornly disobedient.'" *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting Webster's Third New International Dictionary 497 (1986)). However, the pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

Here, with respect to defendant's request for dismissal as a sanction, the undersigned concludes that imposing such a sanction would be an abuse of discretion, given that no warning from the Court was given to plaintiff regarding

6

the potential for dismissal if she failed to cooperate in discovery. As noted in *Harris*, the Sixth Circuit has "frequently reversed district courts for dismissing cases because litigants failed to appear or comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Harris*, 844 F.2d at 1256. No such order putting plaintiff on notice is contained in this record. And, in the view of the undersigned, plaintiff's conduct does not rise to the level of such bad faith or wilfulness that the sanction of dismissal is warranted.

However, some sanction is warranted for plaintiff's conduct during the deposition, and plaintiff should be given an opportunity to correct her failure to answer defendant's questions. Plaintiff complains that defendant's attorney was unreasonably unprofessional during the deposition and asked question regarding emotional distress and financial damages she believed were "irrelevant" to her claims. Federal Rule of Civil Procedure 30 permits a deponent to object during a deposition, but "the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). An objection must be "nonargumentative and nonsuggestive." *Id.* And, a deponent may choose not to respond "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under rule 30(d)(3)." *Id.* Under Rule 30(d)(3), a deponent may move to terminate or limit the deposition "on the grounds that it is being conducted in bad faith or in a

manner that unreasonably annoys, embarrasses, or oppresses the deponent. . . ." Fed. R. Civ. P. 30(d)(3)(A). If any person "impedes, delays or frustrates the fair examination of a deponent," the court may impose sanctions, including reasonable expenses and attorney's fees incurred by any party. Fed. R. Civ. P. 30(d)(2). Although addressed specifically to the circumstance in which a deponent is represented by counsel, the provision applies equally to a deponent who is a pro se litigant, as here. *See Ferrell v. Sparkman*, 2007 WL 172516, at *2 n.1 (E.D. Tenn. Jan. 18, 2007).

First, regarding the conduct of defendant's counsel during the deposition, defendant has presented an affidavit from the court reporter stating that "at no time during this deposition was Megan Norris unprofessional or disrespectful nor did she scream, raise her voice or make aggressive gestures at Plaintiff or anyone else." (Dkt. 25, Ex. A). The undersigned listened to an audio recording of the deposition and reviewed the deposition transcript and agrees that Ms. Norris did not appear unprofessional or disrespectful during the deposition. Thus, the undersigned concludes that plaintiff has not presented an valid objection that the deposition was "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses" plaintiff.

The undersigned does find, however, that plaintiff did fail to answer reasonable questions posed to her during the deposition. An evasive or incomplete

8

answer is treated as a failure to answer. Fed. R. Civ. P. 37(a)(4). Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. Questions regarding plaintiff's emotional distress and economic damages are reasonable and relevant to plaintiff's ADA and defamation claims against defendant in this matter. As defendant asserts, to the extent plaintiff is asserting claims arising out of her termination from Mercy, then questions regarding damages resulting from the termination are relevant. Similarly, questions regarding whether plaintiff had spoken with potential witnesses are also reasonable and could leave to the discovery of admissible evidence. The subpoena duces tecum requested 11 categories of documents that appear reasonably related to this matter, including the request for tax returns.[2] The

---

[2] Defendant does not explain why it served a subpoena duces tecum on plaintiff, as opposed to requests for production of documents pursuant to Rule 34. The undersigned notes that this Court has previously explained that "[a]lthough Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45." *Stokes v. Xerox Corp.*, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006) (quoting *7 Moore's Federal Practice* § 34.02[5][e] (3d ed.)). However, as defendant here allowed plaintiff 30 days to respond to the

undersigned agrees that plaintiff's claims provide for damages, including lost wages, and documents related to plaintiff's case, policies she received during her employment, her financial loss and medical expenses are relevant to plaintiff's claims and potential damages.

Pursuant to Rule 30, plaintiff is permitted to object to questions posed during the deposition, but she must then proceed to answer and may not refuse to answer the questions unless the objection is "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under rule 30(d)(3)." "Lack of relevance is not a valid objection under [the federal rules] and, as a result, is not an appropriate reason to withhold answers to a question posed during a deposition." *Ferrell*, 2007 WL 172516, at *2 (citations omitted). Accordingly, while plaintiff is entitled to state on the record during her deposition her objection as to the lack of relevance, plaintiff must then respond to the questions posed. There is simply no basis in the Federal Rules of Civil Procedure for plaintiff to decline to answer questions related to a topic she deems irrelevant.

For the reasons set forth above, defendant's motion to dismiss for failure to cooperate in discovery is **DENIED**. However, plaintiff's misconduct prevented defendant from obtaining relevant information to which it is entitled. Thus, in lieu

---

subpoena, as allowed under Rule 34, and the subpoena was served within the discovery period, there does not appear to be any prejudice to plaintiff.

of dismissal, plaintiff is **ORDERED** to reappear for the continuation of her deposition and to provide truthful and complete answers to questions asked unless the refusal to answer is permissible on one or more of the grounds stated in Rule 30(c)(2), as set forth above, and each ground upon she relies is stated on the record, concisely and in a nonargumentative manner.  This deposition should be scheduled within the next 30 days, or by **January 28, 2015**.  Further, plaintiff must bear the cost for the court reporter at the continued deposition.  **The Court further directs plaintiff that failure to comply with this Order or to answer questions as provided in this Order may result in further sanctions, including dismissal with prejudice of this case.**  *See* **Fed. R. Civ. P. 37(b)(2)(A)(v).**

    **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: December 29, 2014									s/Michael Hluchaniuk
												Michael Hluchaniuk
												United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I certify that on December 29, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Megan P. Norris and Mohammad Shahid and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Annie Goode, 12477 Allison Road, Milan, MI 48160.

												s/Lisa Wagner in the absence of
												Tammy Hallwood
												Case Manager
												(810) 341-7887
												tammy_hallwood@mied.uscourts.gov

12