UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNIE PATRICE GOODE,                           Case No. 11-10037

            Plaintiff,                 Arthur J. Tarnow
v.                                             United States District Judge

MERCY MEMORIAL HOSPITAL,                       Michael Hluchaniuk
                                               United States Magistrate Judge
            Defendant.
_____/

**SUPPLEMENTAL REPORT AND RECOMMENDATION
ON RENEWED MOTION TO DISMISS (Dkt. 45)
AND MOTION FOR SUMMARY JUDGMENT (Dkt. 36)**

## I.  PROCEDURAL HISTORY

On January 4, 2011, Plaintiff Annie Patrice Goode filed a pro se one-page

handwritten complaint against defendant Mercy Memorial Hospital, alleging that

she was not allowed to return to work on crutches following a leave of absence,

that her physician released her to return to work with no crutches, but that

defendant failed to accommodate other restrictions.  (Dkt. 1).  Plaintiff appears to

be alleging claims for disparate impact and intentional discrimination under the

Americans with Disabilities Act ("ADA") and defamation.[1]

---

[1]  On August 24, 2011, the District Court entered an order staying the case and ordered
that the matter be referred to the Court's pro bono program for the appointment of counsel.  (Dkt.
13).  The Court further ordered that if reasonable efforts to assign counsel were unsuccessful, the
matter would be returned to the Court's docket, and plaintiff would proceed pro se.  (*Id.*)  On
April 15, 2014, the district court entered an order vacating the stay because no counsel had been
appointed.  (Dkt. 16).

On June 23, 2014, defendant Mercy Memorial Hospital filed a motion to dismiss claiming that plaintiff's failure to answer questions at her deposition together with her refusal to comply with its requests for documents warranted a dismissal under Fed. R. Civ. P. 37(b)(2)(A).  (Dkt. 21).  On December 29, 2014, this court sanctioned plaintiff for discovery abuses, but did not feel that dismissal was warranted at that time.  (Dkt 42).

On February 17, 2015, defendant filed a renewed motion to dismiss due to plaintiff's continued failure to cooperate with discovery and her failure to comply with this court's December 29, 2014 order.  (Dkt. 45).  Plaintiff responded to the motion to dismiss on February 24, 2015.  (Dkts. 46, 47), and defendant filed a reply brief in support of its motion on March 3, 2015.  (Dkt. 48).

On April 10, 2015, this court, despite plaintiff's continued discovery violations, did not dismiss the case, but ordered plaintiff to show cause why she should not be held in civil contempt for not complying with the court's December 29, 2014 order, and again ordered plaintiff to produce the relevant documents. (Dkt. 50).  On April 20, 2015, plaintiff filed a document entitled "Plaintiff's Objection and Reasons for Seeking Review of Docket 50's Order," which the court will consider to be plaintiff's response to the court's order to show cause. (Dkt. 51).  On April 27, 2015, and pursuant to the court's directive, defendant filed a notice of non-compliance indicating that plaintiff had not complied with the

court's April 10, 2015 order.

This is an unfortunate case of a litigant, who after several admonitions from this court, has refused to comply with the court's repeated orders regarding discovery including the production of documents relevant to Mercy's defense of the case. For the reasons that follow, the court now recommends that the case be dismissed and the motion for summary judgment be denied as moot.

## II.   FACTUAL BACKGROUND

### A.   Initial Discovery

Following lifting the stay, on April 15, 2014, the District Court issued a scheduling order which required the parties to exchange witness lists by June 27, 2014, discovery motions were to be filed by June 30, 2014, discovery was due by July 3, 2014, the dispositive motion cut-off was set for August 29, 2014, the joint final pre-trial order was due November 25, 2014, and the final pre-trial conference was set for December 2, 2014. (Dkt. 18). On June 23, 2014, defendant filed a motion to dismiss for plaintiff's failure to cooperate with discovery. (Dkt. 21). That motion was based on the following events.

On May 21, 2014, defendant served plaintiff with a notice scheduling her duces tecum deposition for June 20, 2014, allowing plaintiff 30 days to produce the requested documents. (Dkt. 21, Ex. 2). Plaintiff appeared for her deposition as scheduled, but a few minutes into the deposition, defense counsel asked

3

plaintiff if she had ever been married, and plaintiff, who is currently unmarried, indicated that she had been married once before but refused to answer any questions about that marriage, including to whom she was married, when she was married, and the like. Defendant asserted that it does not know whether plaintiff's marriage ended in divorce or death, does not know whether the marriage began or ended recently or decades ago, and therefore does not know whether the marriage or divorce may refute plaintiff's claim that she suffers from emotional distress and that such distress was caused by defendant. Defendant then confirmed that plaintiff was seeking emotional distress damages and advised her that if she refused to answer questions, defendant would have to bring this to the attention of the court. Defendant advised the court that a few minutes later, plaintiff again refused to answer background questions, this time regarding her current mortgage. Defendant asserts that plaintiff was terminated by defendant and that she now lives on Social Security Disability benefits, and thus defense counsel was attempting to determine the level of financial distress, if any, plaintiff has suffered as a result of any purported discrimination.

Defense counsel next asked plaintiff questions regarding potential witnesses to whom she had spoken regarding her claims. Plaintiff had identified several such individuals in her court filings, and most of these individuals are former employees of defendant. When defense counsel asked whether these individuals

had ever indicated that they had experienced any problems working for defendant, plaintiff again objected, although after some time agreed to answer the questions. However, plaintiff started claiming that she did not know the answers because she suffers from "anxiety which causes short term memory loss."

Defense counsel then turned to the document production request.  Plaintiff initially stated that she did not bring any documents in response to the request because "this does not have anything to do with my claims."  Although, upon questioning, it turned out that plaintiff did have several pages of documents in her possession at the deposition, which she produced.  It was also clear that she had documents (such as the Social Security report for which she produced the cover letter) at home.  Defense counsel then asked plaintiff whether she had tax returns, which were requested but not produced.  Defendant indicated that at this point, plaintiff became irate, stating that tax returns had nothing to do with her claims. When defense counsel asked if plaintiff was seeking damages for lost wages, she stated "no."  Defendant stated that it agrees that if plaintiff is not seeking lost wages, the tax returns are irrelevant.  However, when defense counsel attempted to obtain confirmation that, although she had been terminated, plaintiff was not seeking lost wages, plaintiff began repeating that she was seeking damages for "defamation.  ADA.  Failure to accommodate. [And] [s]tereotyping."  Since lost wages are arguably available under defamation, ADA and discrimination claims,

defense counsel attempted to confirm that plaintiff was not asking for lost wages. After repeating her statement several more times, plaintiff terminated the deposition after less than one hour.

On June 23, 2014, defendant filed a motion to dismiss for failure to cooperate with discovery. (Dkt. 21). This motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff responded to the motion to dismiss on June 26, 2014 (Dkt. 22), and defendant filed a reply brief in support of its motion on July 3, 2014. (Dkt. 25).

B.     The December 29, 2014 Order

In its December 29, 2014 order, the court concluded that although dismissal was not warranted, "plaintiff's misconduct prevented defendant from obtaining relevant information to which it is entitled." (Dkt. 42 at 10-11). The court also concluded that some sanction was warranted for plaintiff's misconduct during the June 20, 2014 deposition. (*Id*. at 7). The court specifically indicated that plaintiff failed to answer questions during the deposition that were reasonably posed to her, including questions regarding her emotional distress and economic damages as well as questions relating to plaintiff's communications with potential witnesses. (*Id*. at 9). In addition, the court concluded that plaintiff failed to produce requested documents which the court determined were "reasonably related" to plaintiff's claims and damages. (*Id*.) The court ordered plaintiff to re-appear for

6

her deposition and to provide "truthful and complete answers to questions asked

unless the refusal to answer is permissible on one or more of the grounds stated in

Rule 30(c)(2), . . . and each ground upon she relies is stated on the record,

concisely and in a nonargumentative manner." (*Id*. at 11). The deposition was to

take place within 30 days from entry of the order, or by January 28, 2015. (*Id*.)

Importantly, the court further admonished plaintiff that "**failure to comply with**

**this Order or to answer questions as provided in this Order may result in**

**further sanctions, including dismissal with prejudice of this case**." (*Id*.) (citing

Fed. R. Civ. P. 37(b)(2)(A)(v)) (emphasis in original).

      C.    <u>Plaintiff's Continued Deposition and Document Production</u>

      Pursuant to the court's December 29, 2014 order, defendant re-noticed

plaintiff for deposition and included a renewal of the request for the documents

associated with the original June 22, 2014 deposition notice. (Dkt. 45, Def.'s Mot.

at 6 & Ex. 1). On January 22, 2015, plaintiff reappeared for deposition, but

shortly after it began asked that it be adjourned based on her belief that

"[s]omething's not right here." Defense counsel agreed to the adjournment.

Plaintiff then reappeared for deposition on January 27, 2015. At the January 27th

deposition, plaintiff again refused to produce documents, including documents

upon she relied throughout the deposition. When asked about its contents,

plaintiff responded, "I am disabled. Defendant and/or its attorney must supply a

copy from the clerk's office to see this information that I have to use because I am disabled and I don't recall information." (Dkt. 45-6, at 48).  When defense counsel attempted to probe about what documents had been filed with the clerk's office, plaintiff repeated this response several times, and refused to disclose what documents she had filed with the clerk's office, or identify what documents were in the binder she had brought to the deposition.  (*Id*. at 48-54).

Defense counsel then attempted to question plaintiff regarding other relevant areas outlined in the court's December 29, 2014 order; however, plaintiff continued to use a handful of boilerplate objections and refused to provide responses throughout her deposition.  Plaintiff read her objections from a prepared list, some of which had no relevance to the questions asked.  For example, in response to whether she had been married, plaintiff responded:

> I object to this question due to medical record number 520375 including Doctor Abdullah Mohammed's expert testimony which provided the defendant with information regarding my marital history as not being a cause for any form of emotional distress or is not reasonably calculated to lead to the discovery of admissible evidence. I was married to a James Goode, and I find this question to be unreasonably oppressive and annoying.

(Dkt. 45-6 at 55).

In response to a question whether plaintiff had been seen by a psychologist or psychiatrist, plaintiff responded:

8

> I object to this question and/or discovery document
> request due to medical record number 520375 including
> Doctor Abdullah Mohammed's expert testimony which
> provided the defendant with any and all information
> regarding the performance related counseling I received
> while employed by the defendant for which I signed a
> release. Defendant is in the best possible position to
> know what documentation Doctor Mohammed provided
> Mercy with, and I find this question to be unreasonably
> oppressive and annoying due to HIAA 164.524 violation
> meaning defendants withholding my guaranteed access
> to my medical records. I don't recall.
>
>                          . . .
>
> And all and any documents and/or records that I had
> prepared and/or any documents and/or records used
> within my possession have been previously filed in the
> clerk's office to date.

(*Id*. at 59). Plaintiff repeated this objection several times in response to questions

about her medical treatment and at one point confirmed that she would use this

response to any questions asked about her medical treatment, hospitalizations or

doctors she had seen. (*Id*. at 62). When questioned about her claims, plaintiff

objected as follows:

> Within the defendant's answers to my interrogatories, the
> defendant acknowledges its duties to accommodate when
> appropriately notified. The defendant acknowledges
> possible advantages of reasonably accommodating the
> qualified but disabled employees. Defendant also
> acknowledges me to be different from other and all
> disabled but qualified employees through slander and
> stereotyping while seeking to justify defendant's
> discriminatory actions by providing no reasonable

> accommodations of which was appropriately
> requested by the plaintiff doctor's notes which have
> been given to the defendant. Mercy intentionally
> committed an act of discrimination against me through
> disciplinary procedures that violates the ADA of 1990.

(*Id*. at 84-85).  When defense counsel attempted to ask questions regarding

plaintiff's leave of absence and subsequent restrictions that form the basis of her

complaint, plaintiff objected as follows:

> My records are incomplete at this time. Defendant
> remains in the best position to know of what incomplete
> documents it has given me though my request of a
> complete employee file which contains medical record
> number 520375 and/or is also known as my request for
> discovery.

(*Id*. at 100).  The court also notes that plaintiff responded: "I do not recall" at least

108 times in her two hour and fifteen minute deposition.  Following the deposition,

defendant filed a renewed motion to dismiss.  (Dkt. 45).

    D.    The April 10, 2015 Order

    Based on the foregoing, the court concluded that plaintiff was in violation of

its December 29 order.  (Dkt. 50, Order on Def's Motion to Dismiss).  As such, the

court ordered that plaintiff:

> (1) Show cause why she should not be held in civil
> contempt for not complying with the court's December
> 29, 2014 order directing plaintiff to cooperate with
> discovery, including during her deposition and with
> requests to produce documents.

(2) Produce all requested documents contained in the June 20, 2014 deposition notice. (Dkt. 21-3, Pg. ID 91-93).

(3) Produce all documents she used in the January 27, 2015 deposition, whether they have been previously produced to the clerk of the court, or not.

(4) Sign a release for her social security records.

(Dkt. 50, at 9). The court indicated that if plaintiff did not comply with the above directives, that defendant should file a notice of non-compliance. (*Id.*) The court further admonished plaintiff that "failure to comply with this order, or to answer questions as provided within this order or within the court's December 29, 2014 order may result in further sanctions, including dismissal with prejudice of this case. *See* Fed. R. Civ. P. 37(b)(A)(v)." (*Id.*)

On April 20, 2015, plaintiff filed a document entitled "Plaintiff's Objections and Reasons for Seeking Review of Docket 50's Order," which the court will assume to be her response to the court's show cause order. (Dkt. 51). In it, plaintiff essentially tells the court that she did not comply with the December 29, 2014 order because "being a disabled self-represented Pro Se; limited and/or understanding of appropriately applying all and/or any of my objections as ordered on December 29, 2014." (Dkt. 51, at 1). Plaintiff also indicated that she did not produce relevant documents because she felt that defendant could use the documents that were previously submitted to the clerk of the court. (*Id.*)

11

On April 27, 2015, and pursuant to the court's directive, defendant filed a notice of non-compliance with the court indicating that plaintiff failed to produce any of the documents contained in the June 20, 2014 deposition notice, nor did she produce any of the documents that she used in her January 27, 2015 deposition. (Dkt. 52, Notice of Non-Compliance).  Moreover, defendant indicated that although it sent plaintiff an additional copy of the Social Security Administration Consent for Release of Information on April 13, 2015, plaintiff has not provided defendant with a release for those records as required by the court's order.[2]  (*Id*. & Ex. 1)  The court's December 29, 2014 order also indicated that plaintiff was responsible for bearing the cost of the court reporter for her continued deposition. (Dkt. 42, p. 11).  Defendant has informed the court that plaintiff has not paid the bills for those continued depositions.  (Dkt. 52, at 3 & Ex. 1).

## III.   ANALYSIS AND CONCLUSIONS

In *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), the Sixth Circuit observed that the factors considered for dismissal under either Rule 37(b)(2) or Rule 41(b) are the same:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

---

[2]  Prior to the court's April 10 order, defendant sent plaintiff the release form on two occasions, and the form was also presented to plaintiff at her January 27, 2015 deposition, which she refused to sign.

> dismissed party was warned that failure to cooperate
> could lead to dismissal; and (4) whether less drastic
> sanctions were imposed or considered before dismissal
> was ordered.

The court will apply those same factors to plaintiff's failure to comply with its

April 10, 2015 Order.  (Dkt. 40).  "Although no one factor is dispositive, dismissal

is proper if the record demonstrates delay or contumacious conduct."  *Reyes*, at

458.  In *Reyes*, the Court also held that a party seeking to avoid the sanction of

dismissal "has the burden of showing that his failure to comply was due to

inability, not willfulness or bad faith."  *Id.*, citing *Reg'l Refuse Sys., Inc. v. Inland

Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).  The pre-dismissal warning

for failure to comply with the district court's orders is pivotal to the determination

of willfulness.  *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).  In

any event, "[d]ismissal of an action . . . is a sanction of last resort," *Regional

Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988), and due

process appears to require a finding of bad faith or willfulness. *See Chambers*, 501

U.S. at 50.  Bad faith is more than "mere gamesmanship or garden variety

discovery abuses." *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 530 (E.D. Mich.

2008).

     An examination of the four *Reyes* factors reveals that dismissal is warranted

in this case.  In the view of the undersigned, plaintiff's failure to comply with the

April 10, 2015 Order appears to be willful. As Judge Roberts pointed out in

*Whited v. Motorists Mutual Ins. Co.*, 2010 WL 3862717 (E.D. Mich. 2010),

quoting *Reg'l Refuse*, 842 F.2d at 154, "if a party has the ability to comply with

a[n. . .] order and does not, dismissal is not an abuse of discretion." Here, plaintiff

has made several filings in this case, including filing and responding to dispositive

motions. (Dkts. 22, 30, 34, 37, 47, 51). As such, there is little doubt that plaintiff

has the ability to comply with a show cause order. Moreover, as noted in *Reyes*,

plaintiff has the burden of showing that her failure to respond was not willful. *See*

*Reyes*, 306 F.3d at 458. Here, plaintiff responded that she could not comply with

the show cause order because she was acting pro se. However, it is well-settled

that "while pro se litigants may be entitled to some latitude when dealing with

sophisticated legal issues, acknowledging their lack of formal training, there is no

cause for extending this margin to straightforward procedural requirements that a

layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108,

109 (6th Cir.1991). More specifically, the Sixth Circuit has held that mere pro se

status will not excuse a failure to respond properly to discovery requests. *See Bank*

*One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir.1990). "Simply put,

'if a party has the ability to comply with a discovery order and does not,

dismissal,' and we add or entry of default 'is not an abuse of discretion.'" *Id.* at

1073 (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150,

14

154 (6th Cir.1988). Plaintiff also indicated that she could not respond because she was disabled, however, plaintiff did not indicate how her disability affected her ability to respond. In any case, as noted above, the court concludes that this argument is belied by plaintiff's ability to conduct motion practice and respond to other court requests during the course of this litigation. Finally, plaintiff argues that she was unable to comply with the court's order because she was not financially able to "re-file [her] entire lawsuit", however, the court never ordered plaintiff to re-file her lawsuit, instead, the court ordered her to produce documents that were responsive to defendant's requests and necessary to its ability to defend the case. Rule 34 makes clear that "[a] party may serve on *any* other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample [any designated documents or electronically stored information] in the responding party's possession, custody or control. . . ." The court concluded in its December 29th order that the documents were within the scope of Rule 26(b) and they should be produced.

The prejudice to defendants is clear. Simply showing that a party "waste[d] time, money, and effort in pursuit of cooperation which [the opponent] was legally obligated to provide" can suffice to establish prejudice. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008), quoting *Harmon v. CSX*

15

*Transp.*, 110 F.3d 364, 368 (6th Cir. 1997).

Plaintiff has also been adequately warned.  Here, plaintiff failed to comply with the courts' December 29th order denying defendant's motion to dismiss and ordering plaintiff to comply with discovery, and its April 10 order denying defendant's renewed motion to dismiss and ordering plaintiff's to comply with discovery.  (Dkts. 42, 50).  In the court's December 29 order, plaintiff was warned that **"failure to comply with this Order or to answer questions as provided in this Order may result in further sanctions, including dismissal with prejudice of this case."** (Dkt. 45.) (citing Fed. R. Civ. P. 37(b)(2)(A)(v)) (emphasis in original).  Plaintiff was similarly warned in the court's April 10th order that "failure to comply with this order, or to answer questions as provided within this order or within the court's December 29, 2014 order may result in further sanctions, including dismissal with prejudice of this case . . ." (Dkt. 50, at 9).

The Court has previously imposed lesser sanctions on plaintiff, however, those sanctions have not proven effective.  Given that the motion for summary judgment has been pending since September 2014, and that the court has ordered plaintiff to respond to the motion for summary judgment three times, this factor weighs in favor of dismissal.  As explained in *Reyes*, "[a]lthough no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct."  *Id*.  Here, as set forth above, plaintiff's conduct appears willful.

16

Particularly because instead of responding to the court's show cause order, plaintiff elected to file a motion regarding service of process. As noted in *Reyes*, it is plaintiff's burden to show that her behavior is not willful, and she has not done so. *Reyes*, 307 F.3d at 458. Thus, all of the *Reyes* factors weigh in favor of dismissal. Under these circumstances, the undersigned concludes that dismissal is appropriate. *See Schafer*, 529 F.3d at 738 (". . . and [we are] loath[ ] to require the district court to incant a litany of [ ] available lesser sanctions.").

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

Finally, after imposing lesser sanctions that proved ineffective, the court

17

finds that dismissal is now appropriate. The court will not require the defendant, who is affirmatively seeking to clear its name, continue to actively defend a lawsuit brought by a plaintiff who continues to frustrate the just, speedy, and inexpensive determination of the claims. *See* Fed. R. Civ. P. 1. While the court generally provides pro se litigants enlarged latitude with respect to their filings, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), such latitude is not a license to willfully disregard the orders of the court and frustrate the administration of justice. *See e.g., Bank One of Cleveland, N.A.*, 916 F.2d at 1079; *Labreck*, 2013 WL 511031, at \*2. As a result, because of the plaintiff's repeated violations of the court rules and this court's orders, the dilatory tactics with respect to discovery, and plaintiff's overall lack of meaningful participation in effectively adjudicating this case, the court finds that dismissal is the only appropriate sanction.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice and the motion for summary judgment be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 7, 2015                    s/Michael Hluchaniuk
                                     Michael Hluchaniuk
                                     United States Magistrate Judge

19

## **CERTIFICATE OF SERVICE**

I certify that on <u>May 7, 2015</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Annie Patrice Goode, 12477 Allison Road, Milan, MI 48160</u>.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
